1 Boris Zelkind (SBN 214,014)
*Boris.Zelkind@kmob.com*
2 Gregory A. Hermanson (SBN 220,094)
*Gregory.Hermanson@kmob.com*
3 Jeremy R. Pierce (SBN 246,961)
*Jeremy.Pierce@kmob.com*
4 Marc T. Morley (SBN 211,242)
*Marc.Morley@kmob.com*
5 Alan L. Kessler (SBN 254,010)
*Alan.Kessler@kmob.com*
6 KNOBBE, MARTENS, OLSON & BEAR, LLP
550 West C Street, Suite 1200
7 San Diego, CA 92101
Phone: (619) 235-8550
8 Facsimile: (619) 235-0176

9 Attorneys for Plaintiff
99¢ ONLY STORES

10

## IN THE UNITED STATES DISTRICT COURT

11

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13 99¢ ONLY STORES, a California corporation, | ) Civil Action No. |
| | ) 08-cv-05744-MHP |
| 14 | ) |
| Plaintiff, | ) **~~[PROPOSED]~~ ORDER GRANTING** |
| 15 | ) **PLAINTIFF'S MOTION FOR** |
| v. | ) **ENTRY OF DEFAULT** |
| 16 | ) **JUDGMENT AGAINST** |
| 99¢ PLUS DISCOUNT STORE, a California | ) **DEFENDANTS 99¢ PLUS** |
| 17 company, ALI AZALI, an Individual, ABDUL | ) **DISCOUNT STORE, ALI AZALI** |
| RAHMIN, an Individual, and DOES 1-20, | ) **AND ABDUL RAHMIN** |
| 18 INCLUSIVE, | ) **PURSUANT TO FEDERAL RULE** |
| | ) **OF CIVIL PROCEDURE 55(B)(2)** |
| 19 | ) |
| Defendants. | ) Date: August 3, 2009 |
| 20 | ) Time: 2:00 p.m. |
| | ) Ctrm: 15 |
| 21 | ) |
| | ) Before the Honorable Marilyn Hall |
| 22 | ) Patel |
| | ) |

23

24

25

26

27

28

1      This Court, having reviewed Plaintiff's Application for Entry of Default Judgment

2  Against Defendants Pursuant to Federal Rule of Civil Procedure 55(b)(2), and all documents

3  in support of application for Entry of Default Judgment, good cause being shown, HEREBY

4  ORDERS, ADJUGES, AND DECREES THAT:

5      1.      This Court has personal jurisdiction over Plaintiff 99¢ Only Stores ("99¢") and

6  Defendants 99¢ Plus Discount Store, Ali Azali and Abdul Rahmin (jointly "Defendants").

7  This Court also has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121,

8  28 U.S.C. §§ 1331 and 1338, and under the doctrine of supplemental jurisdiction set forth in

9  28 U.S.C. § 1367.  All Defendants reside within this judicial district and a substantial part of

10  the events and omissions giving rise to the claims herein occurred within this judicial district

11  and, therefore, venue properly lies in this district under 28 U.S.C. §§ 1391(b).

12      2.      99¢ is the owner of several valid and enforceable Federal service mark

13  registrations for its marks, including Reg. No. 1,395,427 issued in 1986; No. 1,455,937 issued

14  in 1987; Nos. 1,712,553 and 1,730,121 and 1,741,928 issued in 1992; No. 1,747,549 issued in

15  1993; Nos. 1,947,809 and 1,959,640 issued in 1996; Nos. 2,401,900 and 2,761,939 issued in

16  2000; Nos. 3,132,449 and 3,132,450 and 3,144,871 issued in 2006.  The following

17  registrations have become incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C.

18  § 1065 and are conclusive evidence of 99¢'s exclusive right to use these marks:  Reg. Nos.

19  1,712,553; 1,730,121; 1,741,928; 1,747,549; 1,947,809; 1,959,640; and 2,401,900.  99¢ is the

20  owner of several valid and enforceable California state registrations for its marks, including

21  Reg. Nos. 23,078 and 23,958 registered in 1985; No. 40,745 registered in 1992; and No.

22  42,970 registered in 1994 (together with the federally registered marks identified above,

23  referred to collectively herein as "99¢ Marks").  Thus, 99¢ has developed a protectable family

24  of "99¢" marks that it uses extensively throughout its business and which emphasizes the

25  common "99" element of its family of 99¢ Marks in slogans, promotions, and advertising.  In

26  addition, 99¢ has a valid, protectable interest in its distinctive trade dress, trade name and

27  common-law service marks.

28  / / /

1    3.    Defendants Ali Azali and Abdul Rahmin own and/or operate a discount store

2  located at 222 Alta Street, Gonzales, California under the name "99¢ Plus Discount Store."

3  Defendants' store name, logo, signage, and trade dress are confusingly similar to that of 99¢

4  and constitute a false designation of origin, infringe and dilute 99¢'s family of 99¢ Marks,

5  trade name, federal service mark registrations, common law marks, and trade dress as set

6  forth in Paragraph 2 above.    Defendants activities also infringe and dilute 99¢'s marks

7  registered in the State of California in violation of California Business & Professional Code

8  §§ 14250 and 14247.   By their infringing acts, Defendants further unfairly compete with 99¢

9  in violation of 15 U.S.C. §1125(a), California Business and Professional Code §17000 et seq.,

10  and the common law.
                    Default has been entered by the Clerk of Court as to defendant 99 cents Plus
11    4.    ~~Plaintiff's Application for Entry of Default Judgment against Defendants is~~
                    Discount Store on March 27, 2009 and as to defendants Azali and Rahmir on
12  ~~hereby granted.~~ June 2, 2009.  Therefore, plaintiff's motion for default judgment is

                    GRANTED and this order is entered.
13    5.    ~~Defendants and their officers, agents, and employees and upon those persons~~

14  in active concert or participation with them who receive actual notice of this order by

15  personal service or otherwise, are hereby permanently enjoined and restrained from:

16    A.    Using, copying, simulating, or in any other way infringing 99¢'s

17  family of federally registered, state registered, and common law service marks, trade names,

18  and trade dress, including, but not limited to, Federal Registration Nos. 1,959,640; 2,401,900;

19  1,947,809; 1,747,549; 1,741,928; 1,730,121; 1,712,553; 1,455,937; 1,395,427; 2,761,939;

20  3,132,449; 3,132,450; and 3,144,871; and California State Registration Nos. 23,078; 23,958;

21  40,745; and 42,970;

22    B.    Displaying any signage or other business identifiers, including, but not

23  limited to, building signs, directional signs, monument signs, computer templates, banners,

24  advertising media, menus, business cards, and brochures containing prominently featured

25  characters "99¢", "$.99", or "$0.99" or any characters confusingly similar thereto;

26    C.    Using "99", "99¢", "$.99", or "$0.99", or any mark confusingly similar

27  thereto, as the name or part of the name of Defendants' business or corporation, and

28  / / /

[PROP.] ORDER GRANTING PL.'S APP. FOR DEFAULT
JUDGMENT AGAINST DEFS.          - 2 -          Case No. 08-cv-05744-MHP

displaying any references to "99", "99¢", "$.99", or "$0.99", or any mark confusingly similar thereto, in or in connection with Defendants' business or corporate name;

        D.      Using the "¢" symbol to refer to "cent(s)" or "Cent(s)" as part of the name of Defendants' business or on any signage as part of the name or identifier of Defendants' business;

        E.      Using the numeral "99" as a feature of any business or corporate name;

        F.      Use the numeral "99" as a feature of any business identifiers, including, but not limited to, building signs, directional signs, monument signs, computer templates, banners, advertising media, menus, business cards, and brochures;

        G.      Using any of the marks from 99¢'s family of federally registered and common law service marks, 99¢'s trade names, and 99¢'s trade dress or anything confusingly similar in the operation of Defendants' business including on the signage, storefront façade, interior décor, shopping carts, bags, baskets, merchandise stickers, cash register receipts, employee aprons, shirts, and name tags, vehicles, letterhead, purchase orders, company brochures and business cards, website, and advertising, and in connection with any other business identifiers, such as building signs, directional signs, monument signs, computer templates, banners, advertising media, and menus;

        H.      Using purple, pink and/or blue color hues for the mark and name of Defendants' business wherever that business mark and/or name is used by Defendants, including use of the business mark and/or name on the items and places described in ¶5.G;

        I.      Referring to "99¢ store(s)" or "99¢ Store(s)" as if they were generic terms applicable to a category of deep discount or other retail stores; and

        J.      Using, copying, simulating, or otherwise mimicking 99¢'s trade dress.

    6.      The terms in paragraph 5 shall remain in force in perpetuity.

    7.      This Court retains jurisdiction over this matter for the purpose of making any further orders necessary or proper for the construction of this Judgment, the enforcement thereof and the punishment of any violations thereof.

/ / /

1    8.    Defendants shall pay costs and reasonable attorneys' fees incurred by 99¢ as a

2    result of this litigation.

3    9.    Within 10 days of the date of this order, 99¢ shall file with this court a

4    declaration of its costs and fees incurred as a result of this litigation.

5    10.    Defendants shall immediately destroy, or cause to be destroyed all signs and

6    business identifiers bearing the text "99¢ Plus Discount Store," which are portrayed in

7    Exhibit 19 of 99¢'s First Amended Complaint.

8    11.    After this Default Judgment has been entered by the Court, 99¢ shall promptly

9    serve a copy of it on Defendants, and 99¢ shall file with the Court a proof of service thereof

10   within ten (10) days thereafter.

11   **IT IS SO ORDERED.**

12

13   Dated:  2/24/2010

HONO  IT IS SO ORDERED  PATEL
14   UNITE                         GE

Judge Marilyn H. Patel
15

16

17

18   7245202
     060509

19

20

21

22

23

24

25

26

27

28

[PROP.] ORDER GRANTING PL.'S APP. FOR DEFAULT
JUDGMENT AGAINST DEFS.        - 4 -        Case No. 08-cv-05744-MHP